## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RAKHMATULLA ASATOV,
                    Petitioner,

          v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency,

          and

DEPARTMENT OF HOMELAND
    SECURITY,
                    Agency.

DOCKET NUMBER
CB-1205-15-0013-U-1

DATE: September 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rakhmatulla Asatov, Plainville, Connecticut, pro se.

Robert J. Girouard, Washington, D.C., for the Office of Personnel
    Management.

Caroline E. Andes and Holly A. Yurasek, Washington, D.C., for the
    Department of Homeland Security.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

¶1    The petitioner asks the Board to review a regulation of the Office of
Personnel Management (OPM), which he contends is invalid on its face and as

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

applied to him by the Department of Homeland Security (DHS).  For the reasons discussed below, we find that the petitioner has failed to state a claim within the Board's regulation review jurisdiction.

## DISCUSSION

¶2      The Board has original jurisdiction to review rules and regulations promulgated by OPM pursuant to 5 U.S.C. § 1204(f).  The statute authorizes the Board to declare an OPM rule or regulation invalid on its face if the Board determines that the provision would, if implemented by an agency, require any employee to commit a prohibited personnel practice in violation of a provision of 5 U.S.C. § 2302(b).  *See* 5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has authority to determine that an OPM regulation has been invalidly implemented by an agency, if the Board determines that the provision, as implemented, has required any employee to commit a prohibited personnel practice in violation of that statute.  *See* 5 U.S.C. § 1204(f)(2)(B).

¶3      The Board's regulations direct the individual requesting review to provide the following information: a citation identifying the challenged regulation; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require, or its implementation requires, an employee to commit a prohibited personnel practice; specific identification of the prohibited personnel practice at issue; and a description of the action the requester desires the Board to take.  5 C.F.R. § 1203.11(b); *see Roesel v. Office of Personnel Management*, 119 M.S.P.R. 15, 17, ¶ 7 (2012); *DiJorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992).  This information is required to state a claim within the Board's regulation review jurisdiction.  5 C.F.R. § 1203.11(b)(1).

¶4      The petitioner stated his request for a regulation review as follows:

> The Customs and Border Protection committed a personnel practice prohibited by 5 U.S.C. 2302(b)(1)(A) by discriminately [sic] applying a provision of 5 CFR 300.701(a) to me, a male applicant for

its CPB Officer position, while apparently waiving that requirement to female applicants, because OPM impermissible [sic] defined a "covered individual" as "a male" in 5 CFR 300.703, while the statute it implemented has a gender neutral language of "an individual" subject to the same requirement.  See 5 CFR 300.701. The Board has a jurisdiction to review the OPM regulation under 5 USC 1204(f)(1)(B) and 5 CFR 1201.11.

Regulation Review File (RRF), Tab 1 at 5.  The petitioner has identified the OPM regulations that he is challenging as 5 C.F.R. §§ 300.701[2] and 300.703, regulations in 5 C.F.R. Part 300, Subpart G, "Statutory Bar to Appointment of Persons Who Fail To Register Under Selective Service Law."  Section 300.701, "Statutory requirement," states verbatim the provisions of 5 U.S.C. § 3328; section 300.703, "Definitions," defines an individual covered by Subpart G as, inter alia, "a male (a) whose application for appointment is under consideration by an executive agency."  The petitioner also identifies the specific prohibited personnel practice at issue as discrimination on the basis of sex in violation of 5 U.S.C. § 2302(b)(1)(A).  The petitioner asserts that the regulations have been applied to him as an applicant for employment by Customs and Border Protection (CBP), a sub-agency of DHS, which found him ineligible for appointment.[3]  The petitioner asserts that the regulation, on its face and as implemented by the CBP, required a violation of section 2302(b)(1)(A).  The petitioner has not explicitly described what he wants the Board to do.

---

[2] Section 300.701 has no subsections.

[3] Prior to finding him ineligible, the CBP informed the petitioner that he was ineligible to continue the preemployment process unless he submitted a Status Information Letter from the Selective Service System showing that he registered under Selective Service law, was exempt from registering, or his failure to register was neither knowing nor willful, as determined by OPM.  RRF, Tab 1 at 12.  The agency notified the petitioner that failure to provide the requested documentation would result in the withdrawal of its tentative offer of a position without further notice.  *Id*.

¶5       The defect in the petitioner's request is that OPM's regulations merely state what the statute that they implement provides. Section 300.701 reproduces verbatim 5 U.S.C. § 3328(a), which states:

> (a)    An individual -
> (1) Who was born after December 31, 1959, and is or was required to register under section 3 of the Military Selective Service Act (50 U.S.C. App. 453); and
>
> (2) Who is not so registered or knowingly and willfully failed to register before his requirement terminated or became inapplicable to the individual, shall be ineligible for appointment to a position in an executive agency of the Federal Government.

Section 3 of the Military Selective Service Act, 50 U.S.C. app. § 453, which is referred to in section 3328(a)(1), provides:

> (a)    Except as otherwise provided in this title . . . it shall be the duty of every male citizen of the United States, and every other male person residing in the United States, who, on the day or days fixed for the first or any subsequent registration, is between the ages of eighteen and twenty-six, to present himself for and submit to registration at such time or times and place or places, and in such manner, as shall be determined by proclamation of the President and by rules and regulations prescribed hereunder.

Petitioner mistakenly contends that the agency improperly narrowed the meaning of "individual" in 5 U.S.C. § 3228(a) when, in 5 C.F.R. § 300.703, it defined a "covered individual" as a "male" for purposes of OPM's regulations implementing the statute. An examination of the statutes shows that section 3328 incorporates by reference the limitation of the registration requirement to males that is found in 50 U.S.C. app. § 453.

¶6       Thus, the petitioner's challenge to OPM's regulations is essentially a challenge to the statutory registration requirement, and the Board has no authority to review the validity of a statute. When an OPM regulation tracks the language of a statute, the Board lacks jurisdiction to review a challenge to the facial validity of that regulation. *Kelly v. Office of Personnel*

*Management*, [53 M.S.P.R. 511](#), 515-16 (1992). Nor has the petitioner alleged an improper implementation of the statute by CBP in his case. The CBP's determination that the petitioner was ineligible for appointment was straightforwardly based on the statutory requirement of male registration to which the petitioner objects and which the Board has no authority to review. In reviewing the application of a statute in this context, the Board can only consider allegations based on interpretive changes between the statute and the regulation or its implementation, which the petitioner has not made. *See id.* at 516. The petitioner's objection to the agency's action relies on the same assertion as his challenge to the statute on its face and must be rejected as a challenge to the statute beyond the Board's jurisdiction.[4]

## ORDER

¶7    Accordingly, the petitioner's request for regulation review is denied. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) ([5 C.F.R. § 1203.12](#)(b)).

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.

---

[4] Although informed of his right to do so, the petitioner did not file a reply to the responses to his request that were filed by OPM and DHS. Instead, he filed four additional requests for review of the facial validity of other OPM regulations and their implementation by other agencies. RRF, Tabs 10-12, 14. These requests, which raise additional issues and a different prohibited personnel practice, will be docketed by the Clerk of the Board as separate regulation review requests with opportunities for the named agencies to respond.